# IN THE MATTER OF MARY H. ATCHERLEY,
## Voluntary Bankrupt.

### March 30, 1911.

*Bankruptcy—Attorney's fees—Finding of referee—Appeal:* On appeal, the court will not disturb the referee's findings of fact as to attorney's fees, except for manifest error.

*In Bankruptcy*: Appeal from decision of referee.

*W. W. Thayer,* Referee in Bankruptcy.
*Magoon & Weaver,* Attorneys for J. A. Magoon.

DOLE, J. It appears from the decision of the referee in this case, filed April 18, 1910, that he allowed a claim for legal services against the bankrupt by J. A. Magoon of $1,500, and an item of $527.41 in favor of the said Magoon for cash advances and for purchase of drugs for Dr. Atcherley, husband of the bankrupt. The bankrupt contends that the claim of $1,500 allowed by the referee, and reduced by him from $2,500, was for services which Magoon offered to do voluntarily without charge.

I find that although there is some testimony supporting such contention, there were conversations between Mrs. Atcherley and Magoon in which she was favorable to some charge by him, though it does not appear that any amount was agreed on. These services were in connection with the arrest of Dr. Atcherley on a charge of insanity. The engagement was with Mrs. Atcher-

ley. Fourteen days and seven parts of days,—the latter including appearances on motions to set for trial and adjournments, etc., were spent in the defense.

I do not attach much importance to the fact that the schedule filed in the bankruptcy court contained the item of $2,500 for the services in question. Mrs. Atcherley testified that she signed the schedule at the request of her counsel, with this item to be filled in afterwards, which is fairly rebutted by other testimony. She also testified that she was in great distress of mind on account of the arrest of her husband and did not pay much attention to the matter of the amount of the claim in question. This may well be accepted under the circumstances she and her husband were in at the time. Moreover, the point made by the referee in his decision applies. He says, " It would be an absurd state of affairs if a debtor, in making up his schedules could pad the claims of favored creditors."

It often, perhaps generally, happens that counsel fees are paid without dispute by clients, especially rich ones and particularly when the efforts of their counsel have been successful; but when a case comes into court in which·charges of counsel are disputed, and especially where the interests of creditors of the bankrupt are involved, the court must consider the matter where there is no contract specifying the amount, as is the case here, on the basis of *quantum meruit*. This probably brings the question down to what a lawyer earns for his services to a poor client whose financial condition is such that there is no room or justification for charging higher rates than the absolute merit of the work justifies. Doubtless under some such considerations the referee reduced the Magoon claim for services from $2,500 to $1,500. He had before him the testimony of lawyers which favored the amount claimed and more, yet in his view of all the circumstances he felt justified in taking off $1,000. Under the practice in bankruptcy, "the district court will not interfere with the action of the referee in bankruptcy as to his findings on the facts unless the same are manifestly erroneous." *In re Waxelbaum*, 4 Am. B. R. 120, 121; *In re*

*Covington,* 6 Am. B. R. 373, 374-375. There is nothing in the evidence which calls upon the court to modify the finding of the referee on this point.

In regard to the claim certified up for $527.41, for cash advances and drugs purchased, Mrs. Atcherley's contention was that the drugs were purchased on the credit of Dr. Atcherley and not on her credit. The evidence up to a certain point sustains this contention, particularly Mr. Magoon's testimony taken before the police court in the insanity trial and admitted by consent in this court, and I should sustain such objection but for the fact that the evidence certified up by the referee shows that finally Mrs. Atcherley "asks to withdraw objection to claim for cash over and above $300" (Notes of Testimony, p. 18); also Mr. Weaver's testimony that the list, presumably including the drugs account, was submitted to her and she said "O. K." (Id. p. 23). These two expressions in the testimony appear to show that Mrs. Atcherley finally withdrew her opposition to that part of this claim, and therefore the item as fixed by the referee is sustained by this court, to-wit, $527.41.

The findings of the referee are confirmed on both points objected to by the bankrupt, with costs to the appellee.